# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * *
ROBERT PETRILLO,                    *
                                    *    No. 15-1441V
            Petitioner,             *    Special Master Christian J. Moran
                                    *
v.                                  *    Filed: July 15, 2016
                                    *
SECRETARY OF HEALTH                 *    Petitioner's motion for a decision
AND HUMAN SERVICES,                 *    dismissing his petition; insufficient
                                    *    proof of causation.
            Respondent.             *
* * * * * * * * * * * * * * * * * * *
```

Howard S. Gold, Wellesley Hills, MA, for petitioner;
Jennifer L. Reynaud, United States Dep't of Justice, Washington, DC, for respondent.

**UNPUBLISHED DECISION DENYING COMPENSATION** [1]

     Robert Petrillo filed a petition under the National Childhood Vaccine Injury Compensation Program ("the Program"), 42 U.S.C. §§ 300aa-10 through 34 (2012), on December 1, 2015. His petition alleged that he developed chronic inflammatory demyelinating polyneuropathy ("CIDP") as a result of the vaccine administered to him on November 30, 2012. The information in the record, however, does not show entitlement to an award under the Program.

    **I.   Procedural History**

     An initial status conference was held on January 5, 2016. During this conference, Ms. Petrillo, Mr. Petrillo's mom, also participated indicating that she

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

had power of attorney and would be submitting the documentation that indicated as such. The deadline for respondent's Rule 4 report was suspended, and Mr. Petrillo was ordered to continue collecting his medical records. On February 16, 2016, Howard Gold filed a consented motion to substitute attorney with Mr. Gold representing Mr. Petrillo for the remainder of the proceedings. A status conference was then held on March 1, 2016, during which Mr. Petrillo was ordered to continue collecting records and to file a statement of completion by March 31, 2016, as required by 42 U.S.C. § 300aa-11(c) and Vaccine Rule 2(c)(2)(A).

On March 31, 2016, Mr. Petrillo moved for an extension of time until April 29, 2016, to file medical records, affidavits, and a statement of completion. The undersigned granted this request. Mr. Petrillo moved for a second extension of time, until May 27, 2016, to file the outstanding medical records, affidavit(s), and statement of completion. Pet'r's Mot., filed Apr. 29, 2016. Mr. Petrillo stated that despite "best efforts, some records may be outstanding." This request was granted.

The undersigned ordered for Mr. Petrillo to file the outstanding medical records, affidavits, and a statement of completion by June 17, 2016, after the previous deadline was missed. Mr. Petrillo filed these medical records and affidavits on June 17, 2016.

Following these submissions, Mr. Petrillo moved for a decision to dismiss his petition. The motion was unopposed. Accordingly, this case is now ready for adjudication.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), petitioner must prove either 1) that Mr. Petrillo suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or 2) that he suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that Mr. Petrillo suffered a "Table Injury." Thus, he is necessarily pursuing a causation-in-fact claim.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records do not support Mr. Petrillo's claim, a

medical opinion must be offered in support.  Mr. Petrillo, however, has offered no such opinion.

Accordingly, it is clear from the record in this case that Mr. Petrillo has failed to demonstrate either that he suffered a "Table Injury" or that his injuries were "actually caused" by a vaccination.  **Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Shannon Proctor, at (202) 357-6353.

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master