# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| ROBERT PETRILLO, | |
| | No. 15-1441V |
| Petitioner, | Special Master Christian J. Moran |
| v. | Filed: August 15, 2016 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Attorneys' fees and costs; award in the amount to which respondent has not objected |
| Respondent. | |
* * * * * * * * * * * * * * * * * * *

Howard S. Gold, Gold Law Firm, LLC, Wellesley Hills, MA, for petitioner.
Jennifer Leigh Reynaud, United States Dep't of Justice, Washington, DC, for respondent.

**UNPUBLISHED DECISION ON ATTORNEYS' FEES AND COSTS[1]**

     On December 1, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq., (the "Vaccine Act"). Petitioner alleged that he developed chronic inflammatory demyelinating polyneuropathy as a result of the human papillomavirus vaccine administered to him on November 30, 2012. On July 15, 2016, the undersigned issued a decision denying compensation to petitioner based on petitioner's motion for a decision dismissing the petition. Decision, issued July 15, 2016, 2016 WL 4151688.

     Even though compensation was denied, a petitioner who brings his petition in good faith and who has a reasonable basis for the petition may be awarded

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

attorneys' fees and costs. See 42 U.S.C. § 300aa–15(e)(1). Here, counsel for petitioner gathered and filed medical records and moved for a decision on the record when further investigation revealed that petitioner was unlikely to prove his case. Thus, because petitioner's counsel acted in good faith and because there was a reasonable basis for proceeding, petitioner is eligible for an award of attorneys' fees and costs. Respondent does not contend that petitioner failed to satisfy these criteria.

On August 11, 2016, petitioner filed an unopposed motion for attorneys' fees and costs.[2] Petitioner requests a total of $5,688.36 in attorneys' fees and costs. In accordance with General Order No. 9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses in pursuit of this claim.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned GRANTS petitioner's motion for attorneys' fees and costs.

> **A lump sum payment of $5,688.36, in the form of a check made payable jointly to petitioner and petitioner's attorney, Howard S. Gold, of Gold Law Firm, LLC, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

Any questions may be directed to my law clerk, Shannon Proctor, at (202) 357-6360.

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] In the motion, petitioner states that respondent has no objection to petitioner's request.

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.